IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAMON SIMS, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-3604 | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
|     Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Petitioner Damon Sims, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging a disciplinary conviction for denial of due process. He also seeks leave to proceed *in forma pauperis*. (Docket Entry No. 2.) Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the disciplinary sanctions imposed in this case do not implicate a liberty interest, petitioner is not entitled to federal habeas relief on his due process claims.

Petitioner reports that on July 30, 2006, he was convicted of a disciplinary infraction and punished with a loss of privileges for forty-five days, thirty days cell restrictions, and a reduction in line class status. Petitioner alleges that he also lost thirty days good time credit, but this punishment is not reflected on the disciplinary conviction attached to his petition. For purposes of this lawsuit, however, the Court will assume petitioner's allegation is correct. Petitioner's step one and step two appeals were denied. Petitioner states that he is not eligible for mandatory supervised release.

Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001). In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31-33 (5th Cir. 1995).

Petitioner acknowledges that he is not eligible for mandatory supervised release. The punishment imposed on petitioner as a result of this disciplinary conviction did not implicate a protected liberty interest. Accordingly, petitioner's due process claims are without merit and this habeas petition will be denied.

The petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. The application to proceed *in forma pauperis* (Docket Entry No. 2) is **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 20 day of November, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE